UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERNITA ANN SCOTT,

    Plaintiff

vs.                              Case No. _____

UNITED STATES OF AMERICA,

    Defendant

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, VERNITA ANN SCOTT ("Plaintiff"), by counsel, for her Complaint against the Defendant, UNITED STATES OF AMERICA, states as follows:

### INTRODUCTION

1) This is an action against the Defendant UNITED STATES OF AMERICA under the Federal Tort Claims Act, (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff by the Northern Navajo Medical Center.

2) The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671 *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3) Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4) This suit has been timely filed in that Plaintiff timely served notice of her claim on the United States Department of Health and Human Services and the Office of the United States Attorney less than two years after the incident forming the basis of this suit.

## PARTIES, JURISDICTION AND VENUE

5) Plaintiff is, and at all times relevant hereto was, a resident of San Juan County, New Mexico.

6) Defendant UNITED STATES OF AMERICA operates the Northern Navajo Medical Center located in San Juan County, New Mexico.

7) Defendant UNITED STATES OF AMERICA, including its directors, officers, operators, administrators, employees, agents, and staff at the Northern Navajo Medical Center are hereinafter collectively referred to as "Northern Navajo Medical Center."

8) At all times relevant to this Complaint, the Northern Navajo Medical Center held itself out to Plaintiff as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Plaintiff.

9) At all times relevant to this complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of its employees and agents under *respondeat superior*.

10) Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

11) Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of New Mexico.

## FACTUAL ALLEGATIONS

12) On or about October 21, 2014, Plaintiff underwent a routine laparoscopic operation for removal of her gallbladder at Northern Navajo Medical Center. Chief of Surgery Craig F. Copeland, M.D. ("Dr. Copeland") performed the surgery.

13) The surgery was a failure due to Dr. Copeland's perforation of Plaintiff's duodenum, causing sepsis. As a result, Plaintiff's health drastically deteriorated.

14) Dr. Copeland and other employees of Defendant at the Northern Navajo Medical Center were negligent and failed to adhere to appropriate medical and nursing standards by not recognizing the perforation in a timely manner.

15) On or about October 24, 2014, Dr. Copeland finally performed exploratory surgery on Plaintiff in an attempt to identify the cause of her deteriorating condition. The second surgery was also a failure, as Dr. Copeland failed to recognize that Plaintiff's duodenum was perforated. Plaintiff was in the ICU until October 27, 2014, when she was transferred to another medical facility that could care for her properly.

16) As a result of Northern Navajo Medical Center's negligence, Plaintiff endured significant emotional and physical distress, pain and trauma.

## CAUSES OF ACTION

### COUNT I - NEGLIGENCE

17) Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

18) Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that Defendant presented to the community at large.

3

19) At all times relevant to this Complaint, Defendant had a duty to hire competent staff in order to meet its standards of quality of care of its patients, including Plaintiff. Defendant knew, or should have known, that Dr. Copeland was not competent in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that Defendant presented to the community at large.

20) Defendant breached its duty to Plaintiff as a result of the negligence of Dr. Copeland and other employees of the Northern Navajo Medical Center by failing to comply with appropriate medical and nursing standards of care.

21) Defendant breached its duty by negligently reviewing, credentialing, and employing Dr. Copeland and in continuing to grant privileges to Dr. Copeland, thereby allowing Dr. Copeland to perform surgery at Northern Navajo Medical Center.

22) As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries in and about her body; she has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; she was forced to endure pain, suffering, mental and emotional anguish; she has suffered a loss of enjoyment of life; and she has lost wages and lost future earning capacity.

23) The acts and/or omissions set forth above constitute a claim under the laws of the State of New Mexico.

24) Defendant is liable to Plaintiff.

## COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

25) Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

26) At all times relevant to this case, Dr. Copeland was employed by and/or acting on behalf of Defendant.

27) At all times relevant to this Complaint, Dr. Copeland acted within his capacity and scope of employment for Defendant as Chief of Surgery.

28) Dr. Copeland negligently and/or recklessly, directly and proximately caused personal injury to Plaintiff, including both acts of omission and acts of commission.

29) As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious personal injuries in and about her body; she has incurred medical expenses and other damages; she was forced to endure pain, suffering, mental and emotional anguish; she has suffered a loss of enjoyment of life; and she has lost wages and lost future earning capacity.

30) The acts and/or omissions set forth above constitute a claim under the laws of the State of New Mexico.

31) Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks all damages to which she may be entitled, and prays that judgment be entered in her favor and against Defendant, as follows:

1) Medical expenses, lost wages and future lost earning capacity, pain and suffering, future impairment, and loss of enjoyment of life totaling $3,750,000.00; and

2) Costs and attorneys' fees incurred in this action, together with such further and additional relief at law or in equity that this Court may deem proper.

THE ROEHL LAW FIRM, P.C.

/s/ *Jerrald J. Roehl*
Jerrald J. Roehl
Katherine Channing Roehl
*Attorneys for Plaintiff*
Third Central Plaza, Suite 2500 East
300 Central Avenue SW
Albuquerque, NM 87102
(505) 242-6900; (505) 242-0530 (fax)